AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Northern District of Alabama

| | |
|---|---|
| Drummond Company, Inc. | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 2:11-cv-3695-RDP-TMP |
| Terrence P. Collingsworth, et al. | ) |
| *Defendant* | ) |

*9|5|14@10:50am*
*7013 1606*

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:
Mr. Jack Scarola
2139 Palm Beach Lakes Blvd., West Palm Beach, FL 33409-6601

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Schedule A.

| Place: Holland & Knight, c/o Brett Barfield<br>701 Brickell Avenue, Suite 3300<br>Miami, FL 33131 | Date and Time:<br><br>09/26/2014 9:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  09/03/2014

| CLERK OF COURT | | |
|---|---|---|
| | OR | |
| _____ | | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
Drummond Company, Inc. _____ , who issues or requests this subpoena, are:

H. Thomas Wells, III, 100 Brookwood Place, 7th Floor, Birmingham, AL 35209 (205) 868-6083 htw@starneslaw.com

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   2:11-cv-3695-RDP-TMP

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____                      _____
                                                    *Server's signature*

                                             _____
                                                    *Printed name and title*

                                             _____
                                                    *Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

(1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

(2) *For Other Discovery.* A subpoena may command:
  (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*
  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or

    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**SCHEDULE A to Federal Subpoena to Jack Scarola**

### Definitions

1.       "DOCUMENT" has the full meaning ascribed to it in Rule 34 of the *Federal Rules of Civil Procedure* and shall include all originals of any nature whatsoever and all non-identical copies thereof, whether different from the originals by reason of any notation made on such copies or otherwise, including but not limited to all writings in any form, notes, memoranda, manuals, reports, records, correspondence, drawings, graphs, charts, photographs, phone records, data compilations of whatever nature (including those from which information can be obtained or translated if necessary), audio tapes, electronic mail messages, and electronic data (including any exchange of information between computers, all information stored in an electronic form or computer database, and all forms and formats of storage).

2.       "DRUMMOND" includes, without limitation, Drummond Company, Inc. and Drummond Ltd.  The term also includes any officer, employee or agent of Drummond Company, Inc. or Drummond Ltd.

3.       "PAYMENTS," in connection with Requests referring to payments to witnesses or paramilitaries, includes, without limitation, direct payments, payments to their friends or relatives, payments of their attorneys' fees, payments to a security company or otherwise for security, payments for lodging, meals, moving costs or other expenses, and any other payment that provided any sort of benefit (for whatever reason) to any witness or paramilitary. The term also includes any payments made at the direction, suggestion or request of any witness or paramilitary, regardless of the recipient.

4.       "RELATED TO," "RELATING TO," "IN RELATION TO," "REGARDING" and "CONCERNING" means in relation to, related to, consisting of, referring to, reflecting, concerning, discussing, evidencing, commenting on, describing, constituting, supporting, contradicting or having any logical or factual connection with the matter identified, in whole or in part.

5.       "WITNESS" means any person who claims or claimed to have knowledge regarding alleged misconduct in Colombia, regardless of whether they have testified or plan to testify in any legal proceeding in either Colombia or the United States.

### Instructions

1.       These requests are governed by Rules 26 and 45 of the *Federal Rules of Civil Procedure* and any applicable law and Local Rule.

2.       You are requested to produce all DOCUMENTS and things described below to Brett Barfield, c/o Holland & Knight, LLP, 701 Brickell Avenue, Suite 3300, Miami, FL 33131, on or before **September 26, 2014.**

3.       In answering and responding to these document requests, you are requested to produce all DOCUMENTS that are in you possession, custody, or control, or that are in the

1 of 3

{B1818064}

possession, custody, or control of your principals, agents, employees, attorneys, representatives, insurers, and any other persons or entities, acting on your behalf.

4.    If any of the information or DOCUMENTS supplied in response to these document requests does not come from your records, please specify the source of the DOCUMENTS or information.

5.    If you refuse to produce any requested DOCUMENT under a claim of attorney-client privilege, work product privilege, or any other privilege or protection, it is requested that you submit for each DOCUMENT withheld a written statement that:  specifies the privilege or other asserted basis for withholding the DOCUMENT; summarizes the substance of the DOCUMENT; identifies the person or entity who prepared the DOCUMENT and any persons or entities to which the DOCUMENT was sent or disclosed; and specifies the date on which the DOCUMENT was prepared, transmitted, and/or received.

6.    The time period covered by the document requests runs from January 1, 2009 to the present.  This is a continuing request.  Any DOCUMENT obtained or located after the date of production that would have been produced had it been available or had its existence been known at that time should be produced immediately.

7.    If an objection is made to any numbered request, or any subpart thereof, state with specificity all grounds for the objection.

8.    All responsive and potentially responsive documents and tangible things should be preserved and maintained pending the outcome of this matter.

## Documents Requested

1.    All communications, including email communications, with Terrence P. Collingsworth or any employee or shareholder of Conrad & Scherer, LLP, relating to (a) the provision of security in Colombia or (b) payments to witnesses or any Colombian paramilitary.

2.    All communications, including email communications, with any employee, agent or shareholder of Parker Waichman, LLP relating to (a) the provision of security in Colombia or (b) payments to witnesses or any Colombian paramilitary.

3.    All communications, including email communications, with Mr. Mike Hugo relating to (a) the provision of security in Colombia or (b) payments to witnesses or any Colombian paramilitary.

4.    All communications, including email communications, with Ivan Otero, Francisco Ramirez Cuellar, or any other Colombian lawyer relating to (a) the provision of security in Colombia or (b) payments to witnesses or any Colombian paramilitary.

5.    A copy of any memorandum or ethics opinion provided to you by Mr. Collingsworth relating to the ethical or legal propriety of payments to witnesses.  This request includes, but is not limited to, any memorandum "addressing witness security and other issues

{B1818064}

that referenced the applicable legal and ethical standards," purportedly provided by Mr. Collingsworth to the *Chiquita* MDL group and referenced in your declaration dated October 3, 2013 (filed as Doc. 69-49 in the proceedings styled *Drummond Company, Inc. v. Terrence P. Collingsworth, et al.*, No. 2:11-cv-3695-RDP (N.D. Ala.)).

6.      All documents, including minutes and handwritten notes, created during or as a result of any meeting or communication with Terrence P. Collingsworth which relate to (a) the provision of security in Colombia or (b) payments to witnesses or any Colombian paramilitary

7.      All documents, including email communications, reflecting any response(s) received to Jack Scarola's July 5, 2011 email request to Terry Collingsworth and Bill Scherer to provide an ethics opinion "regarding compensation to witnesses and members of their families."

8.      All documents, including email communications, reflecting any response(s) received to Jack Scarola's July 5, 2011 email request to Terry Collingsworth and Bill Scherer to provide "details of expenses incurred … that have directly or indirectly benefitted potential witnesses," and any other documents that reflect the details of such expenses.

9.      All communications, including email communications, with Terrence P. Collingsworth, Bill Scherer, and/or other any employee, shareholder or agent of Conrad & Scherer, LLP, relating to either the proceedings styled *Drummond Company, Inc. v. Terrence P. Collingsworth, et al.*, 2:11-cv-3695-RDP (N.D. Ala.) or to any of the third-party subpoenas served by Drummond related to those proceedings.

10.     All communications with, or referring to, Llanos Oil, Albert van Bilderbeek or Hendrik van Bilderbeek.

{B1818064}