IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| DRUMMOND COMPANY, INC., ) | |
| ) | |
| Plaintiff, ) | Case No.:9:14-MC-81189-DMM |
| v. ) | (Case No. 2:11-cv-3695-RDP-TMP |
| ) | pending in the U.S. District Court for |
| TERRENCE P. COLLINGSWORTH, ) | the Northern District of Alabama, |
| individually and as agent of Conrad & ) | Southern Division) |
| Scherer, LLP; and CONRAD & SCHERER, ) | |
| LLP, ) | |
| ) | |
| Defendants. ) | |

## NON-PARTIES JACK SCAROLA'S AND SEARCY DENNEY'S MOTION TO SEAL

Non-Parties Jack Scarola ("Mr. Scarola") and Searcy Denney Scarola Barnhart & Shipley, P.A.'s ("Searcy Denney") respectfully request that this Court, pursuant to Rule 5.4(b) of the Local Rules of the United States District Court for the Southern District of Florida, seal two exhibits containing privileged and confidential information that Plaintiff Drummond Company, Inc. ("Drummond") intends to file in support of its response to Non-Parties, Jack Scarola and Searcy Denney Scarola Barnhart & Shipley, P.A.'s Motion to Quash Subpoenas Duces Tecum, For Protective Order and For Sanctions (DE 1) (the "Scarola Motion to Quash").

Mr. Scarola and Searcy Denney seek to protect from public dissemination two documents containing privileged information that were improperly disclosed and produced to Drummond by another non-party, Paul Wolf ("Mr. Wolf"). Mr. Scarola, on behalf of Searcy Denney, and Defendant Terrance P. Collingsworth, on behalf of Defendant Conrad & Scherer, LLP, along with various plaintiffs' counsel across the United States, which included Mr. Wolf, represented

...

...

plaintiffs with shared and common interests in litigation against Chiquita Brands International, Inc. ("Chiquita") related to allegations of Chiquita committing human rights violations (the "*Chiquita* Litigation"). In furtherance of the *Chiquita* Litigation, the plaintiffs' counsel represent their clients and work under a common interest and confidentiality arrangement.

In June 2014, unbeknownst to Mr. Scarola and Searcy Denney and without consent, Mr. Wolf produced privileged documents in response to a subpoena issued by Drummond in its libel case against Defendants.[1] Mr. Wolf's production contained privileged, attorney work product and his version of communications that were created or shared between plaintiffs' counsel who were working under the common interest agreement in the *Chiquita* Litigation[2]. Mr. Wolf possessed the privileged documents and communications because he was a member of the common interest and confidentiality arrangements with other plaintiffs' counsel in the *Chiquita* Litigation. In a July 1, 2014 deposition, Wolf also disclosed privileged communications and attorney work product that was shared between Mr. Scarola and other plaintiffs' counsel in the *Chiquita* Litigation.

Mr. Scarola and Searcy Denney recently became aware of the scope of Mr. Wolf's improper disclosures when they learned that Drummond intends to publicly file a privileged document from Mr. Wolf's production and an excerpt from his July 1, 2014 deposition transcript in support of its opposition to the Scarola Motion to Quash. Drummond claims that Mr. Wolf waived the privilege claims when he produced the documents and testified in Drummond's libel case against Defendants.

---

[1] *Drummond Company, Inc. v. Collingsworth, et al.*, Case No. 2:11-cv-3695-RDP (N.D. Ala.).

[2] Non-parties do <u>not</u> concede the accuracy of Mr. Wolf's testimony.

However, the work product protection and the privileges asserted over the communications belong jointly to all plaintiffs' counsel working under the common interest agreement in the *Chiquita* Litigation. Therefore, Mr. Wolf cannot unilaterally waive the privilege for Mr. Scarola and Searcy Denney (and the other privilege holders) without the consent of all parties holding the privilege.

Without adequate protection, Drummond will publicly file the privileged information in the document and Mr. Wolf's testimony and as a result, the privileged information could end up in the hands of Mr. Scarola's opposing counsel in the *Chiquita* Litigation—to the detriment of Mr. Scarola and Searcy Denney, their clients, and their co-counsel who also hold attorney work product claims over the documents and communications. Allowing unfettered access to this privileged information would unfairly compromise and prejudice Mr. Scarola's and Searcy Denney's ability to pursue their legal strategies and representation of plaintiffs in the *Chiquita* Litigation (and possibly other human rights cases) by disclosing their work product, strategies, and mental impressions.

For all of these reasons, Searcy Denney seeks judicial intervention to protect its significant interests in preventing the public disclosure of its privileged documents and communications. Mr. Scarola and Searcy Denney request that this Court order Drummond to file the two documents under seal to protect the privileged and confidential information therein.

## BACKGROUND

Drummond brought a defamation action against Defendant Collingsworth and his law firm, Defendant Conrad & Scherer, LLP, which is pending in the Northern District of Alabama, Southern Division. *See Drummond Company, Inc. v. Collingsworth, et al.*, Case No. 2:11-cv-

3695-RDP (N.D. Ala.). Drummond alleges that the suit was triggered by statements made by Defendant Collingsworth related to Drummond's human rights violations in Colombia.

Defendants Collingsworth and Conrad & Scherer, LLP, and non-parties Mr. Scarola and Searcy Denney, are among the various plaintiffs' attorneys that represent injured plaintiffs who have brought more than a dozen complaints against Chiquita. The lawsuits allege the torture and killings of thousands of Colombian citizens and foreign nationals by paramilitaries and left-wing guerilla insurgents, and plaintiffs allege that Chiquita provided funding to the military groups to maintain their profitable control of Colombia's banana growing regions. The complaints were filed in various districts courts in the United States, and the cases were subsequently transferred to the Southern District of Florida by the Judicial Panel on Multidistrict Litigation (MDL #1916) and are currently ongoing.

The group of plaintiffs' counsel in the *Chiquita* Litigation have entered into a "common interest and confidentiality agreement" and a "confidentiality agreement." As a result, the plaintiffs' counsel subject to this common interest agreement routinely shared their mental impressions, views on strategy, and other classic examples of attorney work product. *See* The Scarola Motion to Quash at 2, 5-6 (DE 1). Under the common interest and confidentiality agreements, plaintiffs' counsel in the *Chiquita* Litigation intended for the common work undertaken by the group to be privileged and confidential and not subject to disclosure.[3] *Id.*

Paul Wolf also represented injured plaintiffs in the *Chiquita* Litigation under the common interest and confidentiality arrangement between plaintiffs' counsel. *See* Ex. A, Oct. 23, 2014 Jack Scarola Declaration in Support of Motion to Seal, ¶ 4 ("Scarola Decl."). Mr. Wolf

---

[3] Mr. Scarola and Searcy Denney have not attached the agreements to this Motion as doing so would arguably violate the agreements. To the extent the Court determines that it is necessary to review the agreements, Mr. Scarola and Searcy Denney will produce the agreements for *in camera* review and inspection.

participated in meetings with other plaintiffs' counsel and received e-mails and other communications in which legal strategies, opinions, and conclusions were discussed. *See* Ex. A, Scarola Decl. ¶ 5.

Mr. Wolf did not consult with Scarola or Searcy Denney prior to producing documents to Drummond or participating in his July 1, 2014 deposition. *See* Ex. A, Scarola Decl. ¶ 7. In that July 1, 2014 deposition, Mr. Wolf disclosed privileged communications and attorney work product that he received as a member of the common interest agreement with the other plaintiffs' counsel in the *Chiquita* Litigation.

Apparently relying on the privileged information it learned from Mr. Wolf's document production and deposition testimony, Drummond served non-parties Mr. Scarola and Searcy Denney with subpoenas *duces tecum* on September 5, 2014. Drummond's subpoenas seek privileged, attorney work product and compliance with the subpoenas would requires Mr. Scarola and Searcy Denney to violate the common interest and confidentiality agreement they hold with their co-counsel in the *Chiquita* Litigation. *See* The Scarola Motion to Quash (DE 1).

As a result, on September 19, 2014, Mr. Scarola and Searcy Denney moved this Court for an order quashing the subpoenas and for the entry of a protective order. *Id.* On October 6, 2014, Drummond filed its Response in Opposition to the Scarola Motion to Quash. Drummond also filed a motion to seal five exhibits in support of its opposition that were previously designated as "Confidential Information" under the Parties' Stipulated Protective Order in the defamation case.

On October 10, 2014, the Court denied Drummond's motion to seal, and ordered Drummond to re-file within one week its Response in Opposition to the Scarola Motion to Quash, including exhibits in either redacted or edited form. *See* DE 11.

5

On October 15, 2014, Plaintiff's and Defendants' counsel notified Mr. Scarola of the dispute and Mr. Scarola agreed to Drummond's motion for extension of time to file its opposition to the Scarola Motion to Quash to allow Drummond additional time to resolve the confidentiality dispute with Defendants. The Court granted Drummond's request for a one-week filing extension on October 16, 2014 (DE 14).

On October 23, 2014, the Special Master in the defamation case ruled on the confidentiality designations of the two exhibits, which permits Drummond to file the exhibits publicly with limited redactions. On October 23, 2014, Mr. Scarola and Plaintiff's counsel met and conferred to discuss Drummond's intent to file the two exhibits, which contain Mr. Scarola's and Searcy Denney's privileged work product and communications.

Plaintiff's counsel insists that Drummond be able to file additional documents under seal that Mr. Scarola and Searcy Denney consider privileged and confidential. Given that Plaintiff's counsel insists on adding these additional documents, Mr. Scarola and Searcy Denney urge the Court to keep them under seal while we litigate the privilege and confidentiality issues in this Court.

Mr. Scarola and Searcy Denney now seek judicial intervention to protect the privileged and confidential information that Drummond intends to file publicly from dissemination and public disclosure and to allow Mr. Scarola and Searcy Denney to take any additional steps necessary to protect their privilege.

## LEGAL STANDARD

The right of access to judicial records pursuant to common law is well established. *See Nixon v. Warner Comm'ns, Inc.*, 435 U.S 589, 597 (1978). In general, the public has a right "to inspect and copy public records and documents, including judicial records and documents." *Id.*

However, the "right of access is not absolute." *Id.* at 598. The common law right of access may be overcome by a showing of good cause, which requires balancing the asserted right of access and interest in obtaining access against the party's interest in keeping the information confidential. *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1313 (11th Cir. 2001).

## ARGUMENT

### A. The Documents and Communications Are Privileged and Mr. Wolf Cannot Unilaterally Waive The Privilege Protections Held By Mr. Scarola and Searcy Denney

Based on the limited information that Drummond has provided to Mr. Scarola and Searcy Denney,[4] it is clear that Mr. Wolf produced to Drummond documents that reflect Mr. Scarola's and other plaintiffs' counsel's trial strategy, mental impressions, communications, and other classic work product shared between the plaintiffs' attorneys in furtherance of the *Chiquita* Litigation. Similarly, Mr. Wolf's deposition testimony is replete with references to and discussions of Mr. Scarola's and his co-counsel's litigation strategies, mental impressions, and other work product in the *Chiquita* Litigation.

Mr. Wolf does not have the authority to unilaterally waive the privileges held by Mr. Scarola and the other plaintiffs' counsel working under the common interest agreement in the *Chiquita* Litigation. Under the common interest doctrine, parties with shared interests in actual or pending litigation against a common adversary are permitted to share privileged information

---

[4] Drummond's counsel provided Mr. Scarola and Searcy Denney with copies of the documents Drummond intends to file, including Mr. Wolf's entire deposition transcript. *See* Ex. A, Scarola Decl. ¶ 10. However, Mr. Scarola and Searcy Denney have not received a copy of Mr. Wolf's production to Drummond and therefore, they are not aware of entire scope of Mr. Wolf's production to Drummond. *Id.* ¶ 11.

without waiving their right to assert the privilege. *See Maplewood Partners, L.P. v. Indian Harbor Ins. Co.*, 295 F.R.D. 550, 606 (S.D. Fla. 2013). Pursuant to the common interest doctrine, attorneys representing clients with similar legal interests can share information without risk of being compelled to disclose such information generally. *Id.*[5] The protections afforded by the common interest agreement cannot be unilaterally waived by one party to the agreement. *Durkin v. Shields, (In re Imperial Corp. of America)*, 179 F.R.D. 286, 289 (S.D. Cal. 1998) ("[U]nder the common interest privilege, waiver of the privilege requires consent of all parties who share the privilege."); *United States v. BDO Seidman, LLP*, 492 F.3d 806, 817 (7th Cir. 2007) ("[T]he privileged status of communications falling within the common interest doctrine cannot be waived without the consent of all the parties.").[6]

Here, plaintiffs' counsel in the *Chiquita* Litigation shared work product and communications, including trial strategy, mental impressions, and other classic work product to promote their clients' common legal interests in the litigation against Chiquita. *See* The Scarola Motion to Quash at 2, 5-6 (DE #1). The documents and communications at issue here were either created or made by members of the common interest agreement as part of the common work undertaken by plaintiffs' counsel to pursue their clients' similar legal interests in the *Chiquita* Litigation. *Id.* The act of sharing work product was part of an ongoing common legal enterprise to pursue the claims against Chiquita. *Id.* at 2.

---

[5] The purpose of the doctrine is to promote the free flow of information from client to attorney and to aid in the development of joint strategies. *In re Grand Jury Subpoenas, 89–3 & 89–4, John Doe 89–129 (Under Seal)*, 902 F.2d 244, 248-49 (4th Cir. 1990).

[6] The Restatement also provides that one party to a common-interest arrangement lacks the ability to waive the privilege as to other members: "a member is not authorized to waive the privilege for another member's communication." Restatement (Third) of the Law Governing Lawyers § 76, cmt. g. (2000).

8

As a member of the common interest arrangement, Mr. Wolf participated in the meetings with plaintiffs' counsel in the *Chiquita* Litigation and received privileged communications. Ex. A, Scarola Decl. ¶ 5. The work product and communications that Mr. Wolf disclosed to Drummond were among the privileged information that Mr. Wolf received as a member of a common interest agreement in the *Chiquita* Litigation. *Id.* ¶ 6.

Mr. Wolf did not seek the consent of Mr. Scarola or Searcy Denney before he produced privileged, attorney work product to Drummond and disclosed privileged communications in his deposition. *Id.* ¶¶ 7-9. Indeed, Mr. Scarola and Searcy Denney were unaware of Mr. Wolf's improper disclosure of privileged, attorney work-product until Drummond's counsel sent Mr. Scarola the documents that Drummond intended to file. *Id.* ¶ 10. As a result, Mr. Wolf is unable to waive the privilege protections over the documents and communications because he failed to obtain the consent of all parties who hold the privilege. Therefore, Mr. Scarola's and Searcy Denney's privilege claims over the documents and testimony that Drummond seeks to file still exist and have not been waived. Accordingly, the Court should seal the documents to protect Mr. Scarola's and Searcy Denney's interests.

### B.   Mr. Scarola and Searcy Denney Have Significant Interests in Sealing the Privileged and Confidential Information Contained in the Exhibits

Good cause exists for the Court to seal the two documents that Drummond intends to file in opposition to the Scarola Motion to Quash. As established above, the documents contain privileged information that was not waived when Mr. Wolf unilaterally disclosed the privileged work product and communications to Drummond. Thus, Mr. Scarola and Searcy Denney have a significant interest in protecting their privileged work product and communications from public disclosure.

Public dissemination of Mr. Scarola's and Searcy Denney's work product would be highly prejudicial given the protections provided to attorney work product. *Hickman v. Taylor*, 329 U.S. 495, 510-11 (1947) (stating that "it is essential that a lawyer work with certain degrees of privacy, free from unnecessary intrusion by opposing parties and their counsel"). Allowing Drummond to publicly file the documents would unfairly compromise Mr. Scarola's and Searcy Denney's work product and the pursuit of their clients' claims in the *Chiquita* Litigation by revealing litigation strategies. Obviously, opposing counsel in Mr. Scarola's other cases could attempt to use any privileged information about Mr. Scarola's and Searcy Denney's litigation strategies to gain an unfair advantage in those proceedings. Thus, keeping the privileged information under seal will protect Mr. Scarola's and Searcy Denney's ability to pursue the *Chiquita* Litigation and other human rights litigation on behalf of their clients.

### C. The Public Has Only A Minimal Interest In Viewing the Privileged Information, Which Interest Is Clearly Outweighed By Mr. Scarola's and Searcy Denney's Interests

The public has very limited, if any, legitimate interest in the privileged information that Mr. Scarola and Searcy Denney seek to seal. The limited information that is subject to this motion to seal concerns litigation strategies and their work product specific to Mr. Scarola and his co-counsel, and its relevancy to the public is minimal. Accordingly, the privileged information that Mr. Scarola and Searcy Denney seek to have the Court seal is of little value to those monitoring the courts, and would play only a negligible role in this Court's performance of its constitutional duties.

### D. Granting The Requested Relief Is Appropriate Under The Circumstances

In deciding a request to seal, the Court engages in a "balancing test" to determine whose interest is greater, the moving party or the public. As demonstrated above, Mr. Scarola's and Searcy Denney's interests in sealing the privileged information is considerable; whereas, the

10

public interest in viewing that information is minimal at best. Moreover, the requested relief is the least restrictive means of protecting Mr. Scarola's and Searcy Denney's significant interests. Sealing the information also protects the privileged work product of other plaintiffs' counsel who are unaware of Mr. Wolf's improper disclosures. In this case it is clear—the balance weighs in favor of Mr. Scarola and Searcy Denney and the Court should grant the their requested relief.

## CONCLUSION

For the foregoing reasons, Mr. Scarola and Searcy Denney respectfully request that the Court grant this Motion to Seal to protect their privileged and confidential work product and communications from public disclosure.

## CERTIFICATION OF GOOD FAITH CONFERENCE; CONFERRED BUT UNABLE TO RESOLVE THE ISSUES PRESENTED IN THE MOTION

Pursuant to Local Rule 7.1(a)(3)(A), I hereby certify that counsel for the movant has conferred with all parties or non-parties who may be affected by the relief sought in this motion in a good faith effort to resolve the issues but has been unable to resolve the issues as previously described.

Respectfully submitted, this the 23rd day of October 2014.

JACK SCAROLA
Florida Bar No. 169440
WILLIAM B. KING
Florida Bar No. 181773
Attorney E-mail: jsx@searcylaw.com
Primary E-mail: eservice@searcylaw.com
Secondary E-mail: ScarolaTeam@searcylaw.com
Searcy Denney Scarola Barnhart & Shipley, P.A.
2139 Palm Beach Lakes Boulevard
West Palm Beach, Florida 33409
Phone: (561) 686-6300
Fax: (561) 383-9465

## CERTIFICATE OF SERVICE

      I hereby certify that on October 23, 2014, I caused a copy of the foregoing pleading to be served via e-mail on the following persons:

Brett Alan Barfield, Esq.
Michael E. Rothenberg, Esq.
Holland & Knight LLP
701 Brickell Avenue, Suite 3300
Miami, Florida 33131
(305) 374-8500
Brett.barfield@hklaw.com
Michael.rothenberg@hklaw.com

William Anthony Davis, III, Esq.
H. Thomas Wells, III, Esq.
Benjamin T. Presley, Esq.
Starnes Davis Florie LLP
P.O. Box 59812
Birmingham, Alabama 35259
Tel: 205-868-6000
Fax: 205-868-6099
htw@starneslaw.com

Sara E. Kropf, Esq.
LAW OFFICE OF SARA KROPF PLLC
1001 G Street NW, Suite 800
Washington, D.C. 20001
sara@kropf-law.com

Christopher S. Niewoehner, Esq.
Steptoe & Johnson LLP
115 South LaSalle Street, Suite 3100
Chicago, IL 60604
Tel: 312-577-1240
Fax: 312-577-1370
cniewoehner@steptoe.com

Bradley J. Smith, Esq.
CLARK, HAIR & SMITH, P.C.
1000 Urban Center Drive, Suite 125
Birmingham, Alabama  35242
Tel.: (205) 397-2900
Fax: (205) 397-2901
bsmith@chslaw.com

                                                                                    _____