UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 14-81189-MC-MIDDLEBROOKS

DRUMMOND COMPANY, INC.,

      Plaintiff,

v.                                                          **UNSEALED ORDER**

TERRENCE P. COLLINGSWORTH,

and

CONRAD & SCHERER, LLP,

      Defendants.

_____/

## ORDER DENYING MOTIONS TO SEAL

Before the Court are Non-Parties Jack Scarola and Searcy Denney Scarola Barnhart & Shipley, P.A.'s Motion to Seal (DE 15), filed on October 23, 2014, and Emergency Supplemental Motion to Seal (DE 19), filed on October 27, 2014. For the reasons stated herein, the Motions are denied.

On September 19, 2014, Non-Parties Jack Scarola ("Mr. Scarola") and Searcy Denney Scarola Barnhart & Shipley, P.A. ("Searcy Denney") filed a Motion to Quash a subpoena duces tecum issued by Plaintiff Drummond Company, Inc., relating to an action pending in the Northern District of Alabama ("Motion to Quash"). (DE 1 at 1). On October 3, 2014, Plaintiff filed a motion to seal its response in opposition to the Motion to Quash (DE 8), which the Court denied on October 10, 2014 (DE 11). On October 23, 2014, Non-Parties Mr. Scarola and Searcy Denney filed a Motion to Seal portions of Plaintiff's Response in Opposition to the Motion to Quash (DE 15), which was due on October 24, 2014. On October 24, 2014, Plaintiff filed its

Response in Opposition to the Motion to Quash. On October 27, 2014, Mr. Scarola and Searcy Denney filed an Emergency Supplemental Motion to Seal (DE 19) the following documents already filed in the public record: Drummond's Response in Opposition to Mr. Scarola and Searcy Denney's Motion to Quash at pages 1, 8, 9, 16 (DE 17); Declaration of H. Thomas Wells, III at page 4 (DE 17-1); Exhibit 28 to Drummond's Response in Opposition (DE 17-29); Exhibit 29 to Drummond's Response in Opposition (DE 17-30); and Exhibit 32 to Drummond's Response in Opposition (DE 17-33). Mr. Scarola and Searcy Denney contend these portions of the Court's docket contain privileged and confidential documents.

Generally, the public has a right "to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Comms., Inc.*, 435 U.S. 589, 597 (1978). The Eleventh Circuit has noted, "[t]he operation of the courts and the judicial conduct of judges are matters of utmost public concern and the common-law right of access to judicial proceedings, an essential component of our system of justice, is instrumental in securing the integrity of the process." *Romero v. Drummond Co.*, 480 F.3d 1234, 1245 (11th Cir. 2007) (internal citations omitted). "This right of access is not absolute, however [and] may be overcome by a showing of good cause." *Id.* "Absent a showing of extraordinary circumstances . . . the court file must remain accessible to the public." *Brown v. Advantage Eng'g, Inc.*, 960 F. 2d 1013, 1016 (11th Cir. 1992).

The Court has reviewed the documents Mr. Scarola and Searcy Denney seek to seal, and does not find "extraordinary circumstances" that warrant sealing portions of the Response and its attachments. Mr. Scarola and Searcy Denney have not demonstrated that the documents they seek to seal contain privileged information or attorney work product.[1] Accordingly, the Court

---

[1] As the Motion to Seal was filed before Drummond filed its Response to the Motion to Quash,

finds Mr. Scarola and Searcy Denney have failed to provide good cause to seal the documents, and it is hereby

**ORDERED AND ADJUDGED** that Non-Parties Jack Scarola and Searcy Denney's Motion to Seal (DE 15) and Emergency Supplemental Motion to Seal (DE 19) are **DENIED**.

It is further **ORDERED AND ADJUDGED** that Non-Parties Jack and Searcy Denney's Certification of Emergency (DE 20), which is inappropriately marked as a motion, is **DENIED as MOOT**.

**DONE AND ORDERED** in Chambers at West Palm Beach, Florida on this 28th day of October, 2014.

DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE

CC: Counsel of Record

---

Mr. Scarola and Searcy Denney did not specifically identify what documents they seek to seal. In their Emergency Supplemental Motion to Seal, they identify the documents they seek to seal and rely on argument advanced in their Motion to Seal. They have not, however, convinced the Court that the documents contain privileged information or work product. The Court is aware that the Motion to Quash relates to similar issues of privilege and work product. The Court's denial of the Motions to Seal is not a determination of the issues raised in the Motion to Quash.