UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO: 14-81189-MC-MIDDLEBROOKS

DRUMMOND COMPANY, INC.,

    Plaintiff,

v.

TERRENCE P. COLLINGSWORTH,
and

CONRAD & SCHERER, LLP,
    Defendants,
_____/

### NON-PARTIES JACK SCAROLA AND SEARCY DENNEY'S REPLY TO DRUMMOND'S OPPOSITION TO NON-PARTIES' MOTION FOR PROTECTIVE ORDER

Drummond begins its response with a detailed recitation of the allegations supporting its claims against Collingsworth and Conrad & Scherer, LLP—allegations which the non-parties, Scarola and Searcy Denney Scarola Barnhart & Shipley, P.A. are not in a position to either confirm or deny. However, it is not unreasonable to assume that Drummond's presentation is heavily biased in its favor since it is included for the sole and obvious purpose of prejudicing the Court in its favor. The non-parties have no knowledge of and no interest in either the litigation against Drummond or the separate suit initiated by Drummond, and the circumstances surrounding those cases have no bearing on either the privilege or burdensomeness assertions on which the non-parties' motion for protective order is founded. Even assuming that the information and documents sought by Drummond may indeed be relevant to the battles in which Drummond is engaged, such an assumption adds nothing to advancing Drummond's opposition to the non-parties' efforts to preserve the confidentiality of clearly privileged communications,

nor does it have any bearing on the enormity of the burden that compliance would impose upon the non-parties if the privilege objections were to be overruled.

The relevant issues are these:

1. Is the information sought by Drummond protected by the common interest and work product privileges;

2. Do Drummond's subpoenas impose an undue burden on the non-parties;

3. Are the non-parties obliged to identify and catalogue all potentially responsive documents for purposes of preparing a privilege log before blanket assertions of privilege and burdensomeness are resolved;

4. Does the alleged failure to meet and confer regarding the issues raised by Drummond's subpoenas warrant denial of an otherwise meritorious motion for protective order.

### A. The Documents and Communications Are Privileged and Mr. Wolf Cannot Unilaterally Waive The Privilege Protections Held By Mr. Scarola and Searcy Denney

Based on the limited information that Drummond has provided to Mr. Scarola and Searcy Denney,[1] it is clear that Mr. Wolf produced to Drummond documents that reflect Mr. Scarola's and other plaintiffs' counsel's trial strategy, mental impressions, communications, and other classic work product shared between the plaintiffs' attorneys in furtherance of the *Chiquita* Litigation. Similarly, Mr. Wolf's deposition testimony is replete with references to and discussions of Mr. Scarola's and his co-counsel's litigation strategies, mental impressions, and other work product in the *Chiquita* Litigation.

---

[1] Drummond has disclosed selected portions of the documents upon which it relies in support of its opposition to the non-parties' motion for protective order, including Mr. Wolf's entire deposition transcript. Scarola Decl. ¶ 10. However, Mr. Scarola and Searcy Denney have not received a copy of Mr. Wolf's production to Drummond and therefore, they are not aware of the entire scope of Mr. Wolf's production to Drummond. *Id.* ¶ 10.

2

Mr. Wolf does not have the authority to unilaterally waive the privileges held by Mr. Scarola and the other plaintiffs' counsel working under the common interest agreement in the *Chiquita* Litigation. Under the common interest doctrine, parties with shared interests in actual or pending litigation against a common adversary are permitted to share privileged information without waiving their right to assert the privilege. *See Maplewood Partners, L.P. v. Indian Harbor Ins. Co.*, 295 F.R.D. 550, 606 (S.D. Fla. 2013). Pursuant to the common interest doctrine, attorneys representing clients with similar legal interests can share information without risk of being compelled to disclose such information generally. *Id.*[2] The protections afforded by the common interest agreement cannot be unilaterally waived by one party to the agreement. *Durkin v. Shields, (In re Imperial Corp. of America)*, 179 F.R.D. 286, 289 (S.D. Cal. 1998) ("[U]nder the common interest privilege, waiver of the privilege requires consent of all parties who share the privilege."); *United States v. BDO Seidman, LLP*, 492 F.3d 806, 817 (7th Cir. 2007) ("[T]he privileged status of communications falling within the common interest doctrine cannot be waived without the consent of all the parties.").[3]

Here, plaintiffs' counsel in the *Chiquita* Litigation shared work product and communications, including trial strategy, mental impressions, and other classic work product to promote their clients' common legal interests in the litigation against Chiquita. *See* The Scarola Motion to Quash at 2, 5-6 (DE #1; see also Scarola Decl. ¶ 5 and Simons Decl. ¶ 4-8). The documents and communications at issue here were either created or made by members of the common interest agreement as part of the common work undertaken by plaintiffs' counsel to

---

[2] The purpose of the doctrine is to promote the free flow of information from client to attorney and to aid in the development of joint strategies. *In re Grand Jury Subpoenas, 89–3 & 89–4, John Doe 89–129 (Under Seal)*, 902 F.2d 244, 248-49 (4th Cir. 1990).

[3] The Restatement also provides that one party to a common-interest arrangement lacks the ability to waive the privilege as to other members: "a member is not authorized to waive the privilege for another member's communication." Restatement (Third) of the Law Governing Lawyers § 76, cmt. g. (2000).

3

pursue their clients' similar legal interests in the *Chiquita* Litigation. *Id.* The act of sharing work product was part of an ongoing common legal enterprise to pursue the claims against Chiquita. *Id.* at 2.

The non-parties have a good faith belief that there are no responsive documents within their care, custody or control that would fall outside the scope of the asserted privilege. (Scarola Decl. ¶ 12, 13).

As a member of the common interest arrangement, Mr. Wolf participated in the meetings with plaintiffs' counsel in the *Chiquita* Litigation and received privileged communications. (Scarola Decl. ¶ 4; Simons Decl. ¶4.) The work product and communications that Mr. Wolf disclosed to Drummond were among the privileged information that Mr. Wolf received as a member of a common interest agreement in the *Chiquita* Litigation. (Scarola Decl. ¶ 5-7).

Mr. Wolf did not seek the consent of Mr. Scarola, Searcy Denney, or other members of the Chiquita Litigation Group of Cooperating Plaintiffs' Counsel before he produced privileged, attorney work product to Drummond and disclosed privileged communications in his deposition. (Scarola Decl. ¶8-10; Simons Decl. ¶6 and 12-14). Indeed, Mr. Scarola and Searcy Denney were unaware of Mr. Wolf's improper disclosure of privileged, attorney work-product until Drummond's counsel sent Mr. Scarola the documents that Drummond intended to file. (Scarola Decl. ¶ 10). As a result, Mr. Wolf is unable to waive the privilege protections over the documents and communications because he failed to obtain the consent of all parties who hold the privilege. Therefore, Mr. Scarola's and Searcy Denney's privilege claims over the documents and testimony that Drummond seeks to file still exist and have not been waived. Accordingly, the Court should seal the documents to protect Mr. Scarola's and Searcy Denney's interests.

4

> B. **Mr. Scarola and Searcy Denney Have Significant Interests in Protecting Against Further Disclosure and Dissemination of Privileged and Confidential Information Contained in the Subpoenaed Documents**

As established above, the documents contain privileged information that was not waived when Mr. Wolfe unilaterally disclosed the privileged work product and communications to Drummond. Thus, Mr. Scarola and Searcy Denney have a significant interest in protecting their privileged work product and communications from public disclosure.

Public dissemination of Mr. Scarola's and Searcy Denney's work product would be highly prejudicial given the protections provided to attorney work product. *Hickman v. Taylor*, 329 U.S. 495, 510-511 (1947) (stating that "it is essential that a lawyer work with certain degrees of privacy, free from unnecessary intrusion by opposing parties and their counsel.") Allowing Drummond to conduct a further incursion into Searcy Denney's files in a pending lawsuit would unfairly compromise Mr. Scarola's and Searcy Denney's work product and the pursuit of their clients' claims in the *Chiquita* Litigation by revealing litigation strategies. Obviously, opposing counsel in Mr. Scarola's other cases could attempt to use any privileged information about Mr. Scarola's and Searcy Denney's litigation strategies to gain an unfair advantage in those proceedings.

> C. **Drummond's Response Fails to Resolve the Non-Parties' Burdensomeness Issues**

As Drummond concedes at Footnote 17, Page 15 of its Response, the burdensomeness issues raised by the non-parties need not be considered by the Court until the privilege issues have been resolved. Drummond has agreed with the non-parties to continue efforts to limit the burden that the present production request would impose.

### D. The Non-Parties Are Not Obliged to Submit a Log of Documents Which They Contend Are Privileged and Impose an Undue Production Burden Prior to the Resolution of Their Pending Objections

Comment 45-25 to Federal Rules of Civil Procedure, Rule 45, address the dilemma faced by the recipient of a subpoena that is too broad. It is clearly absurd to require that all responsive documents be catalogued as a predicate to ruling on a burdensome objection when the mere act of identifying the documents would require the person raising the objection to complete the objected to task: As the comment provides:

> The subpoenaed person's remedy in that situation is to serve objections pursuant to Rule 45(c)(2)(B), which then entitles the person to refrain from any further disclosure until a court application is made by the seeking party.

If a party's pending objections to the scope of a discovery request apply to allegedly privileged documents, the party need not log the documents until the Court rules on its objections. *United States v. Philip Morris Incorporated*, 347 F. 3d 951 (2003). Certainly, the burden on a non-party should be no greater than the discovery burden imposed upon a party to the litigation.

### E. The Non-Parties' Oversight in Omitting the Certification of a Good Faith Conference Should Not Result in a Denial of the Significant Protection Sought By the Non-Parties When Drummond Effectively Concedes That a Conference Occurred.

As Drummond concedes in Fn. 17 at Page 15 of its Reply, a meet and confer in fact took place between the Non-Parties and Drummond regarding issues raised in the pending motion. Drummond also acknowledges communication between its counsel and Mr. Scarola shortly following receipt of the subpoenas at issue during which communication the subject of privilege was raised and could not be resolved. Drummond makes no assertion that any further communication on that topic could have narrowed or resolved the privilege issues before the

6

Court and as the Motion papers exchanged between the non-parties and Drummond make abundantly clear, further communication would have been pointless.

### Conclusion

For the reasons stated, the non-parties' Motion for Protective Order should be granted.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I electronically filed the foregoing document with the Clerk of the Court using CM/ECF on this ___3rd___ day of ___Nov.___, 2014. I also certify that the foregoing document is being served this day on all counsel of record registered to receive electronic Notices of Electronic Filing generated by CM/ECF.

JOHN SCAROLA
Florida Bar No. 169440
Searcy Denney Scarola Barnhart & Shipley, P.A.
2139 Palm Beach Lakes Boulevard
West Palm Beach, Florida 33409
Phone: (561) 686-6300
Fax:   (561) 383-9456
Attorneys for Non-Party, Scarola and Searcy Denney Scarola Barnhart & Shipley, P.A.