UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 14-MC-81189-MIDDLEBROOKS

DRUMMOND COMPANY, INC.,
1000 Urban Center Drive, Suite 300
Birmingham, AL 35242,

       Plaintiff,

v.

TERRENCE P. COLLINGSWORTH,
individually and as agent of Conrad &
Scherer, LLP, and CONRAD & SCHERER,
LLP,

       Defendants.

_____/

## ORDER ON MOTION TO QUASH

THIS CAUSE comes before the Court upon Movants', Jack Scarola ("Mr. Scarola") and Searcy Denney Scarola Barnhart & Shipley, P.A. ("Searcy Denney") (collectively, "Movants"), Motion to Quash Subpoenas Duces Tecum, for Protective Order, and For Sanctions (DE 1), filed on September 19, 2014. Respondents Drummond Company, Inc. ("Drummond") filed a Response (DE 17) on October 24, 2014, to which Movants filed a Reply (DE 23) on November 3, 2014.

**I.**  **Background.**

This proceeding arises from a subpoena issued in a defamation case filed by Drummond against Terrence P. Collingsworth ("Mr. Collingsworth") and Conrad & Scherer LLP ("Conrad & Scherer") (collectively, "Defendants") in the Northern District of Alabama – *Drummond Company, Inc. v. Collingsworth*, No. 11-cv-3695-RDP-TMP (N.D. Ala. 2011). Drummond is an Alabama-based coal company whose subsidiary operates a coal mine in Colombia, South

America.  (DE 17 at 5).  Drummond alleges that Defendants sent and published a series of defamatory letters to Drummond's customers and business partners.  (*Id.*).  Allegedly, the letters assert that Drummond was complicit with Colombian paramilitaries "in the commission of scores of murders in Colombia."  (*Id.*).  In defense of the defamation allegations, Mr. Collingsworth claims he relied upon the testimony of imprisoned Colombian paramilitaries for the truth of the accusations.  (*Id.*).  However, Drummond asserts that it has discovered that Mr. Collingsworth provided benefits (*i.e.*, monetary payments) to these witnesses.  (*Id.*).  Drummond contends that there is documentary proof that Mr. Collingsworth discussed the nature, extent, and purported purpose these payments with Mr. Scarola.  (*Id.*).

Mr. Scarola is a shareholder with Searcy Denney, a law firm based in Palm Beach County, which primarily represents injured plaintiffs.  (DE 1 at 1).  Mr. Scarola and Searcy Denney, along with several other lawyers and law firms across the country, commenced more than a dozen separate complaints in various district courts against Chiquita Brands International, Inc. and its subsidiaries and affiliates (collectively, "Chiquita").  (*Id.* at 1-2).  All of the cases were transferred to the Southern District of Florida by the Judicial Panel on Multidistrict Litigation (MDL #1916) ("Chiquita Litigation").  (*Id.*).  Plaintiffs in the Chiquita Litigation allege that Chiquita provided funding to certain paramilitary groups in order to maintain their "profitable control of Colombia's banana growing regions."  (*Id.* at 2).

During the pendency of the Chiquita Litigation, various plaintiffs' attorneys and law firms entered into a "common interest and confidentiality agreement."  (DE 1 at 2).  According to the agreements, the common work undertaken by counsel in the Chiquita Litigation is to "remain confidential and not subject to disclosure."  (*Id.*).  Mr. Scarola, Searcy Denney, and

2

Defendants represent various plaintiffs in the Chiquita Litigation, and are parties to the "confidentiality agreement." (DE 17 at 5).

One of the attorneys representing plaintiffs in the Chiquita Litigation, Paul Wolf ("Mr. Wolf"), refused to sign the confidentiality agreement, and later disclosed information regarding communications in the *Chiquita* litigation that are relevant to the Drummond defamation case. (DE 17 at 8). Drummond asserts that Mr. Wolf's disclosures establish that Movants possess documents and email communications directly relevant to the extent and purpose of Mr. Collingsworth's alleged witness payments. (*Id.*). For example, Mr. Wolf testified that Mr. Scarola was present at multiple meetings in which witness payments were discussed. (DE 17-29) (Wolf. Decl.).

On September 5, 2014, Mr. Scarola and Searcy Denney were each served with a subpoena from the Northern District of Alabama, issued by Drummond. The subpoenas call for the production of relevant documents in Miami, Florida. In the instant Motion, the Movants ask the Court to quash the subpoena, enter a protective order as to the subpoenas, and award sanctions. (DE 1 at 1). Alternatively, the Movants move to impose the cost of subpoena compliance on Drummond. (*Id.* at 11).

## II.     Legal Standard.

Under Federal Rule of Civil Procedure 26(b), a party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* Rule 45 provides that, upon a timely motion, "the court for the district where compliance is required must quash or modify a subpoena" that "requires disclosure of privileged or other protected matter, if no

exception or waiver applies" or "subjects a person to undue burden."   Fed. R. Civ.
45(d)(3)(A)(iii)-(iv).

### III.   Discussion.

The Movants argue that the subpoenas should be quashed because compliance would (1)
require disclosure of attorney work product, and (2) be unduly burdensome.  (DE 1 at 3, 7).

### a.  Attorney Work Product.

The Movants argue that compliance would require disclosure of attorney work product
documents related to the discussions by and among plaintiffs' counsel prosecuting the Chiquita
Litigation.  (DE 1 at 3).  Additionally, the Movants contend that compliance would violate the
"common interest and confidentiality agreement."  (*Id.*).  However, Drummond argues that the
subpoenas are "narrowly tailored and intended to uncover evidence already held to be properly
within the scope of discovery by Judge Proctor" in the underlying defamation suit.  (DE 17 at
11).

In the underlying Alabama suit, Judge Proctor made the following determination
regarding the scope of discovery:

> Interrogatories and requests for production on **payments to witnesses** are not
> overbroad and are properly within the scope of discovery.  The fact of payments
> to witnesses are not subject to work product objections.  Interrogatories and
> requests for production on **research regarding payments to witnesses** are not
> overbroad and are properly within the scope of discovery.

(DE 17-33 at 3-4) (emphasis in original).  Because Judge Proctor is most familiar with the facts
of the case, the Court will defer to Judge Proctor's determination regarding the relevance and
scope of the discovery sought.  Request Nos. 1-8 seek communications with specified persons or
entities regarding witness payments in the Chiquita Litigation.  (DE 1 Ex. 1, 2).  These requests,
therefore, fall squarely within the relevant scope of discovery set by Judge Proctor in the

4

underlying defamation suit.[1]   Accordingly, the Court must now analyze whether or not the subpoena requires "disclosure of privileged or other protected matter." Fed. R. Civ. P. 45.

As an initial matter, Drummond argues that the Movants did not preserve any privilege objections because they did not produce a privilege log in accordance with Local Rule 26.1(g)(3)(B)(ii)(a). (DE 17 at 12) (*See also* Fed. R. Civ. P. 45(e)(2)(A)).  Neither Mr. Scarola nor Searcy Denney produced a privilege log.  Drummond asserts that because "[n]either Mr. Scarola nor his firm produced a privilege log . . . their argument that Drummond's subpoenas seek privileged documents must be rejected." (DE 17 at 12).  Indeed, without a privilege log, the Court is left to speculate as to the propriety of Movants' privilege arguments.

However, Drummond also argues that Movants' privilege assertions fail on the merits. (DE 17 at 13).  For example, Request No. 1 seeks "[a]ll communications, including email communications, with Terrance P. Collingsworth or any employee or shareholder of Conrad & Scherer, LLP, relating to (a) the provision of security in Colombia or (b) payments to witnesses or any Colombian paramilitary."   (DE 1-2, 1-3).   The Movants contend that such communications are privileged attorney work product.  (DE 1 at 3-4).  Specifically, Movants assert that documents/emails by and among counsel regarding security in Colombia or payments to witnesses or Colombian paramilitary are privileged work product because they reflect counsel's "mental impressions, conclusions, opinions or legal theories" in the Chiquita Litigation.  (DE 1 at 5) (citing *Upjohn Co. v. United States*, 449 U.S. 383, 399 (1981)).

However, as Drummond correctly points out, the documents sought from the Movants were prepared for different parties in a different case in which Drummond was not involved.  *See Tambourine Comercio Internacional SA v. Solowsky*, 312 F. App'x 263, 284 (11th Cir. 2009)

---

[1] The Movants have not provided specific objections to requests 9 and 10.  The Court, therefore, has no basis to quash these requests based on relevance or scope.

("[d]ocuments prepared for one who is not a party to the present suit are wholly unprotected by Rule 26(b)(3) even though the person may be a party to a closely related lawsuit in which he will be disadvantaged if he must disclose in the present suit") (citing 8 C. Wright & Miller, *Federal Practice and Procedure* § 2024, at 201 (1970)).   By its plain text, Rule 26(b)(3) applies to documents or things prepared "by or for another party or its representative." Fed. R. Civ. P. 26. Here, Mr. Scarola's clients sued Chiquita, not Drummond, and the documents at issue were created during the course of representing those clients in their claims against Chiquita. Accordingly, the attorney work product doctrine does not protect Mr. Scarola and Searcy Denney from making the relevant disclosures, and the Court does not find adequate grounds to quash the subpoenas.[2]

**b. Undue Burden.**

The Movants originally sought to quash the subpoenas on the grounds that compliance would amount to an undue burden and expense. (DE 1 at 7).  However, Drummond asserts that "[a]t this point, the Court need not consider claims of burden."  (DE 17 at n.17).  According to Drummond, the Parties have decided it would be "premature" to discuss the burden on Movants prior to the Court ruling on the threshold issue of privilege.  (*Id.*).  In Reply, the Movants acknowledge that Drummond has "agreed with the non-parties to continue efforts to limit the burden that the present production request would impose." (DE 23 at 5).  Accordingly, the Court

---

[2] Drummond also argues that "to the extent Wolf viewed any responsive communications or documents, no work product protection attaches." (DE 17 at 14). Mr. Scarola testified that Mr. Wolf "refused to sign the confidentiality agreement, and . . . declined to accept other ground rules the [*Chiquita*] group had agreed to in order to cooperate." (DE 17-31 ¶ 2). Yet, Drummond argues that "Scarola apparently continued to include Wolf in meetings and communications he claims were privileged." (*Id.* at ¶ 3). Because the Court has already found the attorney work product doctrine does not protect Scarola and Searcy Denney from making the relevant disclosures, the Court need not address this alternative ground for denying the Motion to Quash.

declines to rule on the grounds of undue burden, and encourages the Parties to work together in limiting the onus of document production.[3]

**c. Sanctions.**

The Movants' final contention is that Drummond should be sanctioned under Rule 45(d)(1) because "there is no relevance between discussions between plaintiffs' counsel in the Chiquita Litigation and the Alabama Litigation." (DE 1 at 10). The Movants also argue that Drummond is "harassing Scarola and Searcy Denney," asserting that "Drummond could easily seek the same documents from [Defendants] in the Alabama litigation." (*Id.* 10-11).

The Court has already found that the documents and information sought by the subpoenas are relevant and not overbroad. Given the relevancy of the requests, the Court does not find any basis for the imposition of sanctions. Accordingly, it is hereby

**ORDERED AND ADJUDGED** that Non-Party Jack Scarola and Searcy Denney Scarola Barhary & Shipley, P.A.'s Motion to Quash Subpoenas Duces Tecum, for Protective Order, and For Sanctions (DE 1) is **DENIED**. The Clerk of Court shall **CLOSE** this case and **DENY** any pending motions as moot.

**DONE AND ORDERED** in Chambers at West Palm Beach, Florida, this 20 day of November, 2014.

DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE

cc: Counsel of Record

---

[3] The Movants request that Drummond bear the cost of compliance. (DE 1 at 9). Because the Parties have represented that they intend to work together in limiting the cost of compliance, the Court denies the Movants' request to impose the cost of compliance on Drummond.