UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 14-MC-81189-MIDDLEBROOKS

DRUMMOND CO., INC.,
    *Plaintiff*,

v.

TERRENCE P. COLLINGSWORTH, *et al.*
    *Defendants.*
_____/

**NON-PARTY LAW FIRMS' AND ATTORNEYS' MOTION TO ISSUE AN
INDICATIVE RULING PURSUANT TO FED. R. CIV. P. 62.1 ON MOVANTS' MOTION
TO INTERVENE, AND TO QUASH AND/OR MODIFY SUBPOENA DUCES TECUM
<u>AND/OR FOR PROTECTIVE ORDER (DOCKET ENTRY 25)</u>**

1

1966868.1

**INTRODUCTION AND BACKGROUND**

This Court denied non-party law firms and attorneys' ("Movants'") Motion to Intervene, and to Quash and/or Modify Subpoena Duces Tecum and/or for Protective Order, DE 25 (hereinafter the "Motion to Quash"), as moot due to the intervening filing of a notice of appeal. DE 37. Movants now request that this Court issue an indicative ruling pursuant to Federal Rule of Civil Procedure 62.1 on the Motion to Quash, considering the motion on the merits and indicating that the Court would grant the motion if the Eleventh Circuit issued a remand. Such a course of action would be more efficient because it would obviate the need to complete the appeal (which is currently facing jurisdictional questions). Alternatively, if the Court were to deny the Motion to Quash on the merits, Movants would take an appeal directly and seek to have it consolidated with the pending appeal, which again would be more efficient than piecemeal litigation.

As set out in the Motion to Quash, in December 2014, Movants became aware that their privileged work product and unretained expert opinions may be subject to production pursuant to document subpoenas (the "Subpoenas") directed to attorney Jack Scarola and his law firm, Searcy Denney Scarola Barnhart & Shipley, P.A. ("Searcy Denney"). The Subpoenas arise out of *Drummond Co., Inc. v. Collingsworth*, No. 11-cx- 3695-RDP-TMP (N.D. Ala. 2011) ("*Drummond* Suit"), a libel suit against attorney Terrence Collingsworth and his law firm, Conrad and Scherer. The Subpoenas seek access to communications among plaintiffs' counsel, including Movants, in an unrelated multi-district litigation in this District, *In re: Chiquita Brands Int'l, Inc., Alien Tort Statute & Shareholder Derivative Litig*. ("*Chiquita* MDL"), No. 08-01916-MD-MARRA (S.D. Fla.). Movants are counsel for plaintiffs in three coordinated cases in the

2

1966868.1

*Chiquita* MDL; Mr. Scarola and his co-counsel represent plaintiffs in a different coordinated suit, as does Mr. Collingsworth. At no point have Movants participated in the *Drummond* Suit in any capacity, or been accused by Drummond of wrongdoing. Nonetheless, the overbroad scope of the Subpoenas covers Movants' attorney work product solely on the basis of their necessary coordination with Mr. Scarola and Mr. Collingsworth on the Chiquita MDL, which spans a period of six years.

This Court denied Mr. Scarola and Searcy Denney's separate motion to quash, DE 1, which likewise asserted work product privilege over these communications, on November 20, 2014. DE 24. Nonetheless, as Movants explain in their Motion to Quash, they retain an individual and protectable interest in their own work product that warrants their intervention. Thus, Movants filed their Motion to Quash on December 19, 2014, DE 25; three days later, on December 22, Searcy Denney filed a Notice of Appeal, divesting this Court of jurisdiction. DE 28. This Court denied the Motion to Quash as moot on January 7, 2015. DE 37.

Movants need not and do not wish to rely on Mr. Scarola and Searcy Denney to represent their interests when Searcy Denney motion to quash is reviewed on appeal. Thus, Movants now file the instant motion to preserve their rights over privileged work product in the form of email communications that contain the strategic discussions and mental impressions of attorneys. Pursuant to Rule 62.1, the Court has jurisdiction to (1) state that it would grant the Motion to Quash if the Eleventh Circuit remands for that purpose or that the Motion raises a substantial issue; (2) defer considering the Motion; or (3) deny the Motion on the merits.

## ARGUMENT

Movants' Motion for an Indicative Ruling is warranted under Federal Rule of Civil Procedure 62.1 and necessary to allow Movants to preserve their rights over privileged work

3

product. Accordingly, the Court should issue an indicative ruling on Movants' Motion to Quash, stating that it would grant the Motion or find the Motion presents a substantial issue.

A. **Rule 62.1 permits this Court to entertain Movants' Motion to Quash and issue an indicative ruling on its merits even where a pending appeal has conferred jurisdiction to the Court of Appeals.**

Even where the filing of an appeal has divested a direct court of jurisdiction, a district court may still entertain a motion pursuant to Fed. R. Civ. P. 62.1. *Braun-Salinas v. Am. Family Ins. Grp.*, No. 3:13-CV-00264-AC, 2015 WL 128040, at *2 (D. Or. Jan. 8, 2015). When Rule 62.1 is invoked, denying a motion as moot due to the pendency of the appeal is inappropriate.

For the reasons explained in Movants' Motion to Quash, attached to the instant motion as Exhibit A, the Motion should succeed on its merits. Production in compliance with the Subpoenas, which seek access to privileged attorney work product with questionable if any relevance to the *Drummond* Suit, would contravene the basic purposes of work product protection, undermine the adversarial process, impede the Movants' ability to coordinate with fellow counsel in the *Chiquita* MDL, and unduly burden the Movants. Thus, pursuant to Rule 62.1(a)(3), this Court should grant an indicative ruling declaring that it would grant Movants' Motion to Quash. Such a ruling would allow the Eleventh Circuit to remand for the purpose of considering the Motion to Quash, allowing this Court to grant the motion and obviate further appellate proceedings. It would also eliminate the need for the Eleventh Circuit to consider its jurisdiction over the current appeal, which it has asked for briefing on. *See Drummond Co. v. Collingsworth*, No. 14-15722-FF, Jurisdictional Question (11th Cir. Jan. 26, 2015).

Even if the Court is not prepared to indicate that it would grant the motion, the critical issues of work product protection raised by the Motion to Quash certainly merit a finding that the motion raises a "substantial issue," suggesting that "it would be useful to decide the motion

4

1966868.1

before decision of the pending appeal." Fed. R. Civ. P. 62.1(a)(3) & advisory cmte. note. The Motion to Quash clearly presents substantial issues that warrant consideration. *See Spitznagel v. R & D Italia, LLC*, No. 2:09-CV-824-FTM, 2011 WL 940052, at *3 (M.D. Fla. Mar. 17, 2011) (allowing attorneys to intervene to protect their own work product). Furthermore, Movants' Motion to Quash asserts substantive rights not at issue in Mr. Scarola and Searcy Denney's appeal, i.e. Movants' intellectual property rights over their legal research, memos, and strategic discussions as the uncompensated opinions of unretained experts. *See* Ex. A at 14-15.

Logically, Movants' Motion to Quash should be heard prior to the pending appeal, for two reasons. First, this Court should have the first opportunity to address all arguments in favor of quashing the Subpoenas, rather than hearing some issues on appeal, waiting for a possible remand, and the considering new arguments after appeal. Second, to the extent that appeals are necessary, all interested parties should proceed in the same appeal. If the Motion to Quash is ultimately not granted, Movants can then seek to proceed with the current appellants. A ruling that the Motion to Quash raises a substantial issue "does not bind the district court to any holding"; it simply gives the Eleventh Circuit the opportunity to remand for full consideration of the Motion to Quash. *See Russell Rd. Food & Beverage, LLC v. Galam*, No. 2:13-CV-776 JCM NJK, 2013 WL 2949615, at *2 (D. Nev. June 13, 2013).

### B. If the Court believes the Motion to Quash lacks merit, it should deny the motion on the merits and allow an appeal to proceed.

This Court should indicate that it will grant the Motion to Quash or, at least, that it presents a substantial issue. Nonetheless, if the Court believes the motion lacks merit, it should deny it so that Movants may proceed to an appeal, joining with the appellants currently before the Eleventh Circuit. While the Court does not have jurisdiction to *grant* the motion outright, it may *deny* the motion on the merits without remand from the Court of Appeals. Fed. R. Civ. P.

5

1966868.1

62.1(a)(3) (giving district courts the authority to directly deny the underlying motion, not merely indicate it would do so on remand). Again, this course of action would be more efficient than delaying a ruling on the Motion to Quash until after the current appeal is completed. A denial of the Motion to Quash on the merits – as opposed to on mootness grounds due to lack of jurisdiction – would allow Movants to appeal directly from that order.

For the reasons stated above, Movants are in a better position than Mr. Scarola and Searcy Denney to defend their individual and protectable interests over their own mental impressions and legal opinions. Movants should have the opportunity to have their arguments heard before the Eleventh Circuit if, indeed, an appeal is necessary. Thus, if this Court is not inclined to indicate that it would grant the Motion to Quash or that it presents a substantial issue, it should deny it on the merits, rather than deferring the motion until after the appeal is completed.

## CONCLUSION

For the foregoing reasons, Movants Non-Party Law Firms and Attorneys respectfully request that this Court issue an indicative ruling pursuant to Fed. R. Civ. P. 62.1(a)(3) on their Motion to Quash.

Dated: February 9, 2015

Respectfully submitted,

s/LESLIE M. KROEGER
LESLIE M. KROEGER (Florida Bar No.: 989762)
Email:  lkroeger@cohenmilstein.com
**Cohen Milstein Sellers & Toll, PLLC**
2925 PGA Boulevard, Suite 200
Palm Beach Gardens, FL 33410
Tel:  (561) 515-1400
Fax:  (561) 515-1401

6

**1966868.1**

Agnieszka M. Fryszman
Benjamin D. Brown
**Cohen Milstein Sellers & Toll, PLLC**
1100 New York Ave., N.W.,
West Tower, Suite 500
Washington, D.C. 20005-3964
Tel: 202-408-4600
Fax: 202-408-4634

Marco Simons
Richard Herz
Jonathan Kaufman
Marissa Vahlsing
Michelle Harrison
**EarthRights International**
1612 K Street NW #401
Washington, DC 20006
Tel: 202-466-5188

Paul L. Hoffman
**Schonbrun DeSimone Seplow Harris & Hoffman LLP**
723 Ocean Front Walk
Venice, CA 90291
Tel: 310-396-0731
Fax: 310-399-7040

Judith Brown Chomsky
**Law Offices of Judith Brown Chomsky**
Post Office Box 29726
Elkins Park, PA 19027
Tel: 215-782-8367
 Fax: 202-782-8368

Arturo Carrillo
**Colombian Institute of International Law**
5425 Connecticut Ave., N.W., #219
Washington, D.C. 20015
Tel: 202-994-5794

Jonathan C. Reiter
**Law Firm of Jonathan C. Reiter**
350 Fifth Avenue, Suite 2811
New York, NY 10118
Tel: 212-736-0979
Fax: 212-268-5297

7

**1966868.1**

Lee S. Wolosky
Nicholas A. Gravante Jr.
**Boies, Schiller & Flexner LLP**
575 Lexington Ave.,
7th Floor New York, NY 10022
Tel: 212-446-2300 Fax: 212-446-2350

Douglass A. Mitchell
**Boies, Schiller & Flexner LLP**
300 South Fourth Street, Suite 800
Las Vegas, Nevada 89101
Tel: 702-382-7300
Fax: 702-382-275

## CERTIFICATE OF SERVICE

I certify that, on January 28, 2015, a copy of this Non-Party Law Firms' and Attorneys' Motion to Intervene, and to Quash and/or Modify Subpoena *Duces Tecum* and/or for Protective Order was electronically filed with the Court using CM/ECF.

> By: s/LESLIE M. KROEGER
> LESLIE M. KROEGER (Florida Bar No.: 989762)
> Email: lkroeger@cohenmilstein.com
> **Cohen Milstein Sellers & Toll, PLLC**
> 2925 PGA Boulevard, Suite 200
> Palm Beach Gardens, FL 33410
> Tel: (561) 515-1400
> Fax: (561) 515-1401

9

**1966868.1**