IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

| | |
|---|---|
| DRUMMOND COMPANY, INC.<br>1000 Urban Center Drive, Suite 300<br>Birmingham, AL  35242,<br><br>　　　Plaintiff,<br><br>v.<br><br><br><br>TERRENCE P. COLLINGSWORTH,<br>individually and as agent of Conrad &<br>Scherer, LLP,<br>1156 15th Street, NW, Suite 502<br>Washington, D.C.  20005;<br><br>and<br><br>CONRAD & SCHERER, LLP,<br>633 S. Federal Hwy.<br>Fort Lauderdale, FL  33301,<br><br>　　　Defendants. | Case No.: 9:14-mc-81189-DMM<br>(Case No. 2:11-cv-3695-RDP-TMP<br>pending in the U.S. District Court for<br>the Northern District of Alabama,<br>Southern Division) |

**DRUMMOND COMPANY, INC.'S OPPOSITION TO NON-PARTY LAW FIRMS' AND ATTORNEYS' MOTION FOR INDICATIVE RULING PURSUANT TO RULE 62.1**

Drummond Company, Inc. ("Drummond") hereby files this response in opposition to the motion for indicative ruling (DE 38) filed by non-party law firms and attorneys Cohen Milstein Sellers & Toll, PLLC ("Cohen Milstein"), EarthRights International ("ERI"), Boies Schiller & Flexner LLP ("Boies Schiller"), Jonathan Reiter, Paul Hoffman, Judith Brown Chomsky, and Arturo Carrillo (hereinafter the "Putative Intervenors").  Putative Intervenors' motion risks precisely the type of delay and inefficiencies the motion purportedly seeks to avoid.  Their Rule 62.1 motion should be denied and/or the Court should defer ruling on Putative Intervenors' motion to quash until after the resolution of the currently pending appeal.

## Argument

Putative Intervenors seek an indicative ruling pursuant to Federal Rule of Civil Procedure 62.1, which provides: "If a *timely* motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may: (1) defer considering the motion; (2) deny the motion; or (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue." Fed. R. Civ. P. 62.1(a) (emphasis added). The primary requested relief is a ruling which would allow Putative Intervenors to seek a remand from the Eleventh Circuit to this Court for "full consideration" of their motion to quash. DE 38 at 4-5. The purported purpose of the requested indicative ruling is to promote efficiency and avoid "piecemeal" litigation. *Id.* at 2. But it is the Putative Intervenors who have attempted to litigate the subpoenas at issue in piecemeal fashion. Furthermore, the pending Eleventh Circuit appeal may well decide entirely the arguments Putative Intervenors wish to present, and there is therefore no reason to permit them to delay or seek remand of that appeal. Their motion for indicative ruling should be denied and/or the Court should defer ruling on their motion to quash consistent with Rule 62.1(a)(1).

First, Putative Intervenors have not established that their motion to quash was timely, so as to make Rule 62.1 available to them. The subpoenas were issued to Mr. Jack Scarola and his firm, Searcy Denney Scarola Barnhart & Shipley, P.A., both of whom moved on September 19, 2014 to quash the subpoenas in their entirety and for sanctions. DE 1. Putative Intervenors were unquestionably aware of the subpoenas, and the pending motion to quash. In fact, one of the Putative Intervenors, Earthrights International, submitted a declaration in support of the motion to quash. DE 23-2. But for some as yet unexplained reason, Putative Intervenors decided not to intervene when the motion to quash was pending. Instead, they waited until after this Court

ruled (DE 24), and when they determined they were unhappy with the ruling they sought a second bite at the apple (DE 25). Such dilatory tactics are inconsistent with the concept of timeliness. *See Associated Builders & Contractors, Inc. v. Herman*, 166 F.3d 1248, 1257 (D.C. Cir. 1999) (collecting cases and finding untimely a motion to intervene where intervenor "offer[ed] no reason whatsoever for its failure to intervene prior to judgment"); *see also United States v. U.S. Steel Corp.*, 548 F.2d 1232, 1235 (5th Cir. 1977) ("intervention attempts after final judgments are 'ordinarily looked upon with a jaundiced eye'" because they "have a strong tendency to prejudice existing parties to the litigation or to interfere substantially with the orderly process of the court") (citation omitted); *Solbourne Computer, Inc. v. Bd. of Cnty. Commissioners of Escambia Cnty., Florida*, No. 3:07-CV-494RV/EMT, 2008 WL 1744930, at *2 (N.D. Fla. Apr. 11, 2008) ("A party seeking to intervene in a case post-judgment faces a more difficult task to demonstrate timeliness").

Moreover, Putative Intervenors seek to press the same arguments for quashing the subpoenas as were presented by Mr. Scarola and his firm, namely the work product and common interest doctrines. These arguments are already being litigated before the Eleventh Circuit Court of Appeals, and the decision on the appeal as presently situated will inform, if not decide altogether, the Putative Intervenors' motion to quash. There is therefore no reason to allow the Putative Intervenors to seek to remand that appeal, or otherwise delay it, simply to interject their own gloss on the same core issues. This is especially true given the Putative Intervenors' decision not to present their version of the arguments to this Court when the subpoenas were still being litigated before it.

Therefore, the provision of Rule 62.1 most appropriate for these circumstances is subparagraph (a)(1), which permits this Court to defer consideration of the motion to intervene

until after the pending appeal has been resolved. Drummond's interests in a timely resolution of these subpoenas should not be prejudiced by Putative Intervenors' delay. Furthermore, this Court's resources should not be expended receiving substantial briefing on an untimely motion to intervene when the already pending appeal may very well render the request for intervention moot.

## Conclusion

Drummond respectfully requests that the Putative Intervenors' motion for indicative ruling be denied, or that the Court enter an Order consistent with Rule 62.1(a)(1) deferring consideration of the Putative Intervenors' motion for intervention and motion to quash until after the currently pending appeal to the Eleventh Circuit has been resolved.

Respectfully submitted,

| | |
|---|---|
| *s/ H. Thomas Wells, III* | *s/ Brett Alan Barfield* |
| H. Thomas Wells, III | Brett Alan Barfield |
| *Pro Hac Vice* | Florida Bar No. 019552 |
| STARNES DAVIS FLORIE LLP | HOLLAND & KNIGHT |
| P.O. Box 59812 | 701 Brickell Avenue, Suite 3300 |
| Birmingham, AL 35259 | Miami, FL 33131 |
| (205) 868-6000 | (305) 789-7661 |
| Fax: (205) 868-6099 | Fax: (305) 789-7799 |

*Attorneys for Drummond Company, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on **February 25, 2015**, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Jack Scarola, Esq.
William B. King, Esq.
Searcy Denney Scarola Barnhart & Shipley, P.A.
2139 Palm Beach Lakes Boulevard
West Palm Beach, Florida 33409
Phone: (561) 686-6300
Fax: (561) 383-9465

Leslie M. Kroeger, Esq.
Cohen Milstein Sellers & Toll, PLLC
2925 PGA Boulevard, Suite 200
Palm Beach Gardens, FL 33410
Tel: (561) 515-1400
Fax: (561) 515-1401

                                                *s/ Brett Alan Barfield*
                                                OF COUNSEL