UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 14-MC-81189-MIDDLEBROOKS


DRUMMOND CO., INC.,
        *Plaintiff*,


        v.


TERRENCE P. COLLINGSWORTH*, et al.*
        *Defendants.*
_____/


NON-PARTY LAW FIRMS' AND ATTORNEYS' REPLY MEMORANDUM IN
SUPPORT OF THEIR MOTION TO ISSUE AN INDICATIVE RULING
PURSUANT TO FED. R. CIV. P. 62.1 ON MOVANTS' MOTION TO INTERVENE,
AND TO QUASH AND/OR MODIFY SUBPOENA *DUCES TECUM* AND/OR FOR
<u>PROTECTIVE ORDER</u>

## INTRODUCTION

Drummond says it wants to avoid piece-meal litigation, but that is the most likely result, if its argument is accepted. Drummond's subpoenas implicate both Movants' privilege interests and those interests of Mr. Scarola and Searcy Denney. But Movants were denied the opportunity to protect their interests because this Court lost its jurisdiction when Mr. Scarola and Searcy Denney appealed.  This is why Rule 62.1 exists.  Granting Movants' 62.1 motion would give the Eleventh Circuit the opportunity to decide for itself whether it wants to hear Movants' motion alongside Scarola's and Searcy Denney's. Efficiency favors Movants' Rule 62.1 motion.

Drummond's other arguments likewise lack merit.  Movants' motion to quash was timely and they have not had even a single "bite at the apple."  And Movants have a distinct interest in their work product, which is unique to them and independent of Mr. Scarola's and Searcy Denney's rights.  While Mr. Scarola and Searcy Denney have properly raised privilege concerns, Movants are best situated to represent and protect their own interests.

## ARGUMENT

### A.  Efficiency favors granting Movants' 62.1 motion.

The Eleventh Circuit will ultimately decide whether it is more efficient for Movants' motion to quash to be considered along with Mr. Scarola's and Searcy Denney's.  This Rule 62.1 motion will aid the Circuit's decision.  If this Court were to state that it would grant Movants' motion to quash or finds that it raises a

1

substantial issue, that would surely help the Circuit decide whether *it* wants to hear all issues concerning and from all parties affected by Drummond's subpoenas together, now. And, if this Court denies Movants' motion to quash on its merits, that denial can be appealed, which will also give the Circuit the benefit of the full picture.

The path that Drummond proposes makes the least sense. (DE39 at 3-4). Deferring consideration of Movants' motion to intervene and quash just creates the possibility of a subsequent appeal, delay, and inefficiency. In Drummond's scenario, the Eleventh Circuit would have to consider the subpoena without hearing Movants' arguments, and then, *after* the Eleventh Circuit resolves Mr. Scarola's and Searcy Denney's motion, this Court would begin its consideration of Movants' motion. That is far from efficient and contrary to the purposes behind Rule 62.1. *See* Wright & Miller, 11 Fed. Prac. & Proc. Civ. § 2911 (3d ed.) (Rule 62.1 is often used where interests "may . . . be affected by a decision of the issues raised on appeal").

### B. Movants' original motion to quash was timely.

Movants' original motion to quash was filed on December 19, 2014. (DE 25). Drummond argues that it was untimely because Movants were aware of the existence of the subpoenas. But that is the wrong frame of reference. The relevant inquiry is: when did Movants become aware that their rights were put in jeopardy? *Stallworth v. Monsanto Co.*, 558 F.2d 257, 265 (5th Cir. 1977).

As noted in their December motion, "Movants only learned *this past week* that their work product was in danger of production." (DE 25 at 5) (emphasis

added).   When they originally learned that Mr. Scarola and Searcy Denney had

been subpoenaed, Movants had no cause to review the subpoenas or confer with

Drummond regarding their scope.   Movants only did so shortly before filing their

motion, when they first discovered that their own work product might be at issue.

This is *not* an "as yet unexplained reason," as Drummond would have it; rather it is

an unchallenged fact.   (DE 26-1).   Movants motion to quash was timely when filed

in December.

### C.  Movants' interests cannot be adequately protected by Mr. Scarola and Searcy Denney, because Movants' rights are unique to them.

Drummond provides no support for its claim that an attorney can be denied

the opportunity to defend her own work product simply because another attorney in

a related matter was defending theirs.   The absence of case support is unsurprising.

The work product doctrine was designed, largely, to protect the thought processes of

the attorney that produced the work.   *Moody v. IRS*, 654 F.2d 795, 801 (D.C. Cir.

1981) ("[T]he work product privilege creates a legally protectable interest in two

parties: lawyer and client.").   Movants have an interest "unique unto themselves."

*Spitznagel v. R & D Italia, LLC*, No. 2:09-CV-824-FTM, 2011 WL 940052, at *3

(M.D. Fla. Mar. 17, 2011).   *See also* DE 25 at 5.

While Mr. Scarola and Searcy Denney have a similar or parallel interest to

Movants, that interest is not the same.   All Chiquita plaintiffs' counsel have an

interest in protecting their shared communications, but each has a unique interest

in protecting his or her *own* work product.   For example, the Court suggested that

Mr. Scarola and Searcy Denney would confer further with Drummond regarding the

scope of the subpoenas.  But, absent intervention, Movants have no similar ability to shape any discovery – which could result in the subpoena targets producing documents that were primarily authored by Movants themselves.

## CONCLUSION

Movants' Rule 62.1 motion would limit the need for subsequent follow-on appeals.  It gives the Eleventh Circuit the opportunity to decide for itself whether it wants to hear Movants' claims in a single proceeding.  Drummond has no sound basis for opposing such a common sense resolution.  For the foregoing reasons, Movants' motion should be granted.


Dated: March 9, 2015                Respectfully submitted,

                                    s/LESLIE M. KROEGER
                                    LESLIE M. KROEGER (Florida Bar No.: 989762)
                                    Email: lkroeger@cohenmilstein.com
                                    **Cohen Milstein Sellers & Toll PLLC**
                                    2925 PGA Boulevard, Suite 200
                                    Palm Beach Gardens, FL 33410
                                    Tel: (561) 515-1400
                                    Fax: (561) 515-1401


                                    Agnieszka M. Fryszman
                                    Benjamin D. Brown
                                    **Cohen Milstein Sellers & Toll PLLC**
                                    1100 New York Ave., N.W.
                                    West Tower, Suite 500
                                    Washington, DC 20005-3964
                                    Tel: (202) 408-4600
                                    Fax: (202) 408-4699

                                    Marco Simons
                                    Richard Herz
                                    Jonathan Kaufman

4

Marissa Vahlsing
Michelle Harrison
**EarthRights International**
1612 K Street, N.W. #401
Washington, DC 20006
Tel: (202) 466-5188
Fax: (202) 466-5189

Paul L. Hoffman
**Schonbrun DeSimone Seplow Harris & Hoffman
LLP**
723 Ocean Front Walk
Venice, CA 90291
Tel: (310) 396-0731
Fax: (310) 399-7040

Judith Brown Chomsky
**Law Offices of Judith Brown Chomsky**
Post Office Box 29726
Elkins Park, PA 19027
Tel: (215) 782-8367
Fax: (202) 782-8368

Arturo Carrillo
**Colombian Institute of International Law**
5425 Connecticut Ave., N.W., #219
Washington, DC 20015
Tel: (202) 994-5794
Fax: (202) 994-4946

Jonathan C. Reiter
**Law Firm of Jonathan C. Reiter**
350 Fifth Avenue, Suite 2811
New York, NY 10118
Tel: (212) 736-0979
Fax: (212) 268-5297

Lee S. Wolosky
Nicholas A. Gravante Jr.
**Boies, Schiller & Flexner LLP**
575 Lexington Ave.
7th Floor New York, NY 10022
Tel: (212) 446-2300
Fax: (212) 446-2350

5

Douglass A. Mitchell
**Boies, Schiller & Flexner LLP**
300 South Fourth Street, Suite 800
Las Vegas, NV 89101
Tel: (702) 382-7300
Fax: (702) 382-275

## CERTIFICATE OF SERVICE

I certify that, on March 9, 2015, a copy of this Non-Party Law Firms' and Attorneys' Reply Memorandum in Support of Their Motion to Issue an Indicative Ruling Pursuant to Fed. R. Civ. P. 62.1 on Movants' Motion to Intervene, and to Quash and/or Modify Subpoena *Duces Tecum* and/or for Protective Order was electronically filed with the Court using CM/ECF.

By:         s/LESLIE M. KROEGER
LESLIE M. KROEGER (Florida Bar No.: 989762)
Email: lkroeger@cohenmilstein.com
**Cohen Milstein Sellers & Toll PLLC**
2925 PGA Boulevard, Suite 200
Palm Beach Gardens, FL 33410
Tel: (561) 515-1400
Fax: (561) 515-1401